IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 156

| | |
|---|---|
| KEPHART CONSTRUCTION COMPANY, MARK KEPHART<br><br>Plaintiffs,<br><br>v.<br><br>RONALD ACKLEY, DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendants. | MEMORANDUM AND RECOMMENDATION |

This matter is before the Court on the Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) by Defendant Department of Veterans Affairs (Doc. 4), which Motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). Having carefully considered Defendant's arguments, the record, and applicable authority, the undersigned respectfully recommends that the Motion be granted.

I. Procedural Background

On April 30, 2019, Plaintiffs Kephart Construction Company ("Kephart Construction") and Mark Kephart filed a form Complaint for Money Owed against Defendant Ronald Ackley ("Ackley") and the Department of Veterans Affairs ("Department") in the General Court of Justice, District Court Division

1

(Small Claims), of Macon County, North Carolina. seeking damages in the amount of $3,438.70. (Doc. 1-1) at 3.

On May 17, 2019, the Department removed the case to this Court. (Doc. 1). The Department also moved for an extension of time to answer or otherwise respond. (Doc. 2).

The undersigned granted the Department's request for additional time in an Order filed on May 22, 2019 (Doc. 3). That Order also advised Kephart Construction that if it sought to appear as a party, it must be represented by counsel.

On June 24, 2019, the Department filed the instant Motion to Dismiss and a supporting memorandum (Docs. 4, 5).

By Order filed on August 21, 2019, Plaintiffs were advised of the pending Motion to Dismiss, advised to review the Motion and supporting brief, and advised that the Court may proceed to consider the Motion if a response had not been filed by Plaintiff's on or before September 2, 2019. Kephart Construction was again advised that to the extent it sought to appear as a party, it must be represented by counsel. (Doc. 6).

Neither Plaintiff has made any filing subsequent to removal.

## II. Factual Background

In the Complaint, Plaintiffs allege that they remodeled Ackley's bathroom "through a Veterans Affairs program that pays for the work." Doc. 1-1 at 3.

Plaintiffs also allege that Ackley received a first payment and paid Plaintiffs, but that Ackley failed to pay Plaintiffs notwithstanding his receipt of a second payment. Id.

Plaintiffs allege that although Ackley's wife represented "for months" that she had not received payment, a representative of the Department confirmed that Ackley had received payment on August 13, 2018. Id.

Attached to Plaintiffs' Complaint are several documents, including invoices from Kephart Construction to Ackley and email correspondence with Ackley.

## III. Legal Standard

In a motion made pursuant to Rule 12(b)(6), the central issue is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In that context, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. The court, however, is not required to accept "legal conclusions, elements of a cause of action, and

3

bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192.

The complaint is required to contain "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The mere possibility that a defendant acted unlawfully is not enough for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

Federal courts extend latitude to the pleadings of *pro se* litigants. See e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (noting that *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers").

## IV. Discussion

### A. Plaintiffs' Failure to Respond

As Plaintiffs have not filed any response to the Department's Motion, or to the subsequent Order advising them of the consequences for failing to

4

Case 1:19-cv-00156-MR-WCM   Document 7   Filed 12/27/19   Page 4 of 9

respond, they are presumed to have abandoned their claims against the Department. See Sasser v. Safe Home Sec., Inc., No. 1:18CV746, 2019 WL 3858607, at *5 (M.D.N.C. Aug. 16, 2019) (failing to respond to an argument constitutes an abandonment of a claim)(collecting cases); Taccino v. Ford Motor Co., No. CV GLR-18-913, 2019 WL 1429263, at *9 (D. Md. Mar. 29, 2019) ("when a party fails to respond to an argument made in a motion to dismiss, they abandon that claim").

### B. Failure to State a Claim

Plaintiffs' claim against the Department is also lacking substantively.

As the Department's brief describes, this case appears to have arisen from Ackley's alleged misuse of funds provided under the Home Improvements and Structural Alterations ("HISA") Benefits Program. See 38 U.S.C. § 501, 38 C.F.R. § 17.3100, et. seq.

The purpose of that program is to provide eligible veterans with funds to make medically necessary improvements and structural alterations to their homes. See 38 C.F.R. § 17.3100. To take part in the HISA program, an eligible veteran must submit an application package that includes various information, including a prescription identifying the improvement or structural alteration to be made and the diagnosis and medical justification for that improvement or alteration, an application form, a signed statement from

5

the owner of the property authorizing the improvement or alteration, and a written itemized estimate of the associated costs. See 38 C.F.R. § 17.3120(a).

Upon completion of a satisfactory application, and if requested by the applicant, the Department will make an advance payment of 50 percent of the total amount authorized. The beneficiary must use this advance payment only for the improvement or alteration described in the application. See 38 C.F.R. § 17.3130(a).

Subsequently, the veteran must submit a final payment request which must include a statement that the improvement has been completed and other supporting documentation. See 38 C.F.R. § 17.3130(b).

Under North Carolina law, the elements of a claim for breach of contract are the existence of a valid contract and the breach of the terms of that contract. Wells Fargo Ins. Servs. USA, Inc. v. Link, 827 S.E.2d 458, 472 (N.C. 2019).

Here, the Department argues that Plaintiffs have failed to allege that any contractual relationship existed between them and the Department, that the Department received any benefit from Plaintiffs' work, or that the Department owes anything to Plaintiffs'. (Doc. 5) at 2.

The undersigned agrees.

Plaintiffs' allegations, read in the light most favorable to Plaintiffs, indicate that Ackley sought and obtained HISA program benefits to fund work

to be performed by Plaintiffs, that Plaintiffs performed the work, and that Ackley paid Plaintiffs for a portion of the work (apparently using the advance payment) but did not use the final HISA program payment to pay for the balance. Plaintiffs' allegations do not, however, indicate that Plaintiffs themselves had a contract with the Department or that the Department is responsible for satisfying Ackley's obligations to Plaintiffs.

Dismissal of Plaintiffs' claim against the Department will therefore be recommended.[1]

### C. Plaintiffs' Remaining Claim

This matter was removed by the Department pursuant to 28 U.S.C. §1442 which provides that a civil action commenced in state court against the United States or any agency thereof may be removed to the federal district court for the district and division embracing the place where the case is pending.

Pursuant to 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."

---

[1] The Department's briefing analyzes Plaintiffs' claim alternatively as one sounding in quantum meruit. However, the form Complaint indicates Plaintiffs have asserted that they are owed money for goods sold and delivered under a contract. Accordingly, the undersigned has not addressed the Department's alternative quantum meruit argument.

7

Plaintiffs' claim against the Department created the basis for federal jurisdiction over this action. If that claim is dismissed as recommended, the basis for original jurisdiction will no longer exist. Further, Plaintiffs' remaining claim against Ackley does not involve underlying issues of federal policy. Consequently, the undersigned will recommend that supplemental jurisdiction over Plaintiffs' state law claim be declined and that the claim be remanded to state court.

## V. Recommendation

Based on the foregoing, the undersigned respectfully **RECOMMENDS** :

1. That the Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) by Defendant Department of Veterans Affairs (Doc. 4) be **GRANTED** and Plaintiffs' claim against the Department be **DISMISSED WITH PREJUDICE;** and,

2. That the matter be **REMANDED** to the General Court of Justice, District Court Division of Macon County, North Carolina for adjudication of Plaintiffs' claim against Ackley.

Signed: December 24, 2019

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).